UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL JOSEPH NILIO,

        Plaintiff,

v.                                                                             Case No. 3:20-cv-615-J-34PDB

MIKE WILLIAMS, et al.,

        Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

        Plaintiff Michael Nilio, an inmate of the Florida penal system, initiated this action by mailbox rule on June 15, 2020, when he filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Complaint; Doc. 1), with a memorandum of law in support (Memorandum; Doc. 2). Nilio names Sheriff Mike Williams and Assistant Chief Pendley as Defendants. Nilio asserts that Defendants violated his Fifth and Fourteenth Amendment rights when they failed to arrest a woman who allegedly used Nilio's credit cards and sold his trailer while he was in prison. As relief, Nilio requests monetary damages and the arrest of the woman who used his credit cards.

        The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A.  Additionally, the Court must read a plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v.

Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Central State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 328 (1989)).  A claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, the Eleventh Circuit "'requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." Rodriguez v. Sec'y, Dep't of Corr., 508 F.3d 611, 625 (11th Cir. 2007) (quoting Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)). More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc. v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). As such, "'conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal.'" Rehberger v. Henry Cty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (citation omitted).

Nilio alleges that he was arrested in February 2017 and, knowing he would be sent to prison, allowed a friend, Sarah Snyder, to take his wallet, which included "numerous"

2

credit cards. Memorandum at 2. Once in prison, Nilio instructed his family to conduct a credit check, which uncovered that his credit cards had been fraudulently used and maxed out. Id. Additionally, he learned that Snyder had forged his signature and sold his double axel trailer on Craigslist. Id. On February 9, 2019, Nilio avers that he filed a police report with the Jacksonville Sheriff's Office (JSO). Id. at 3. Nilio followed up the next month but received no response from JSO concerning the investigation of Snyder. Id. Thereafter, Nilio asserts that he filed a formal complaint with Williams, which he later learned had been turned over to Pendley, the commander of the employee who failed to investigate the case. Id. However, he still received no response from JSO. Id. at 4. Nilio then filed a petition for writ of mandamus with the state court, which was denied. Id. According to Nilio, Defendants failure to act resulted in the statute of limitations expiring, which deprived him of his right to equal protection under the Fourteenth Amendment and his right to seek restitution for his stolen property. Id.

     Citizens "do not have a constitutional right to have police officers arrest another citizen." Quire v. Miramar Police Dep't, 595 F. App'x 883, 886 (11th Cir. 2014) (citations omitted); see also Otero v. U.S. Atty. Gen., 832 F.2d 141, 141 (11th Cir. 1987) (noting that "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another."); Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988) (concluding there is no constitutional right under the Equal Protection Clause for a member of the public to have suspects prosecuted). Without a federal right supporting a claim, a plaintiff cannot receive relief under § 1983. Quire, 595 F. App'x at 886. Accordingly, Nilio has failed to establish a claim upon which relief can be granted because

he has failed to establish the deprivation of a federal right. As such, this action is due to be dismissed.

Accordingly, it is

**ORDERED:**

1. This case is hereby **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk of Court shall enter judgment dismissing this case without prejudice, terminating any pending motions, and closing the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of June, 2020.

MARCIA MORALES HOWARD
United States District Judge

Jax-8

c: Michael Joseph Nilio #661106